UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAYYANNA NIXON, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO.: |
| MARKEN LLP; MARKEN UPS HEALTHCARE LOGISTICS; and JOHN DOES 1-5 and 6-10, | : **Electronically filed** |
| | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Plaintiff, Dayyanna Nixon, residing in Philadelphia, PA, by way of Complaint against the Defendants, says:

### Preliminary Statement

Plaintiff brings this matter under Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), alleging harassment on the basis of race and sex in employment, as well as retaliation for complaining about said harassment.

### Jurisdiction and Venue

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because all of the events took place within the District.

### Identification of Parties

3. Plaintiff Dayyanna Nixon resides in Philadelphia, PA and, at all relevant times herein, was an employee of the Defendants.

4. Defendant Marken LLP is a business entity employing more than 100 employees and doing business at 55 Great Valley Parkway, Malvern, PA, and, at all relevant times herein, was the employer of Plaintiff.

5. Defendant Marken UPS Healthcare Logistics is a business entity employing more than 100 employees and doing business at 55 Great Valley Parkway, Malvern, PA, and, at all relevant times herein, was the employer of Plaintiff.

6. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## Exhaustion of Administrative Remedies

7. Plaintiff exhausted her administrative remedies by filing a verified Complaint encompassing all claims herein under Title VII and the PHRA with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Pennsylvania Human Relations Commission ("PHRC"), and for which the EEOC issued a "Right to Sue" Notice on or about November 26, 2025, less than 90 days prior to the filing of this action.

## General Allegations

8. Plaintiff is a Black female.

9. Defendants employed Plaintiff as an Operations Associate from in or about June 2024 until her unlawful discharge on or about September 5, 2025.

10. At all times, Plaintiff worked up to and beyond the reasonable expectations of her employer.

11. Defendants initially employed Plaintiff as a "temporary" employee and made her a "permanent" employee as of January 2025.

12. Even during the time that Plaintiff was a "temporary" employee, Defendants exercised such control over the terms and conditions of Plaintiff's work that Plaintiff was an employee of the Defendants.

13. Throughout the course of Plaintiff's employment, a coworker, Joe, regularly referred to Plaintiff and other Black employees as monkeys.

14. Joe made such comments as often as five times per week.

15. Joe made his racist comments directly in the presence of managers, who took no known action to address or stop the racial harassment.

16. Even if those managers took presently unknown action, such action was insufficient and ineffective to prevent and deter further racial harassment, as the harassment continued unabated.

17. On one occasion, Joe closed Plaintiff in a workplace cage and then proceeded to make monkey sounds.

18. Joe's racially harassing conduct continued from the start of Plaintiff's employment through her last week of work.

19. In or about August 2024, another coworker, Jennifer Burns, in the presence of Plaintiff referred to another Black employee as a "bum ass nigga."

20. Ms. Burns made that comment in the presence of a supervisor, Christopher Moyer.

21. When Plaintiff asked Ms. Burns if she was serious, Ms. Burns proceeded to call the coworker a "fuck ass nigga."

22. Plaintiff then asked Mr. Moyer if he was going to do something about the racist comments, but Mr. Moyer remained silent and took no known action.

3

23. In or about November 2024, Ms. Burns brought her daughter into work, and the daughter drew a picture of Plaintiff and labeled it "the black girl."

24. Ms. Burns proceeded to hang the picture in Plaintiff's cubicle.

25. When Plaintiff advised Ms. Burns and another coworker, Edward Leiena, that the picture was race based and not funny, they proceeded to laugh at the Plaintiff.

26. In or about January 2025, Ms. Burns became a manager and proceeded to micromanage Plaintiff's work.

27. In March 2025, a new employed started and stated to Plaintiff, "Oh, you're the black girl she was talking about," presumably referencing a statement made by Ms. Burns.

28. On or about April 8, 2025, Plaintiff met with regional director Jenna Dylan and Kelly Davis from Human Resources, and during that meeting, Plaintiff complained about the conduct of Ms. Burns.

29. Following the meeting, Ms. Burns proceeded to ignore the Plaintiff.

30. In April 2025, a coworker, Vani Banirao, who is a friend of Ms. Burns, smacked Plaintiff's face.

31. Plaintiff reported the slap to manager James Marroletti and quality assurance manager Shawna Walker, but upon information and belief, Defendants took no responsive action.

32. Further, in April 2025, another coworker, Pete, began falsely telling individuals in the workplace that Plaintiff was romantically and sexually interested in another individual, Carlton Jackson.

33. Thereafter, both Pete and Joe commented multiple times a week that Plaintiff was sexually interested in the drivers that came into the building.

4

34. On June 5, 2025, Plaintiff made complaint regarding her workplace and the harassment to Defendants' ethics hotline.

35. Plaintiff thereby engaged in protected conduct under Title VII and the PHRA.

36. In mid-June 2025, Mr. Marroletti issued Plaintiff discipline for not properly noting her time off, despite the fact that Plaintiff had followed the normal procedure and advised her direct supervisor.

37. In June 2025, Plaintiff spoke with Ms. Davis from HR regarding her complaints, and Ms. Davis stated, "No one is harassing you, you're not the victim, and you're very animated."

38. One of Plaintiff's supervisors, Aaron Ingram, advised Plaintiff that he had decided to demote himself because he felt as though the company was using him to terminate Plaintiff and make it appear as though a Black man was firing a Black woman.

39. On or about July 30, 2025, Plaintiff was speaking with Mr. Ingram and a coworker, Jaylan W., when Pete walked by, and Jaylan asked Pete what he had done the day before.

40. Pete responded by aggressively and irrationally confronting the Plaintiff in telling her to keep his name out of her mouth.

41. On September 1, 2025, Plaintiff spoke with Shari from the Defendants' ethics hotline about the events of July 30th.

42. On September 5, 2025, Mr. Marroletti terminated Plaintiff's employment, claiming that she had broken policy on July 30, 2025.

43. Mr. Marroletti did not explain what policy Plaintiff had allegedly violated.

44. Defendants did not discipline Pete for his involvement in the interaction, despite the fact that he was the instigator.

45. Thereafter, Plaintiff spoke with Shari from the ethics hotline, who advised that she had been shocked to learn of Plaintiff's termination, and that her recommendation was to present Plaintiff with the applicable policies.

46. The stated reason for termination was false and/or pretext.

47. A determinative and/or motivating factor in Plaintiff's termination was Plaintiff's complaints regarding harassment in the workplace.

48. To the extent that there is any "mixed motive," Plaintiff need only show that a determinative or motivating factor in the adverse employment action was her protected conduct, her complaints regarding harassment.

49. The harassment described above was motivated by Plaintiff's race and/or sex.

50. The harassment described above was so pervasive and/or severe as to create a hostile and abusive environment, thereby altering the terms and conditions of Plaintiff's employment.

51. The harassment described above would have been offensive to any reasonable person in the same or similar position as Plaintiff.

52. As a result of the actions described above, Plaintiff has suffered economic and non-economic harms, including emotional pain and suffering.

53. Because Defendants' actions and/or admissions described above were undertaken by members of upper management and/or members of upper management were willfully indifferent to the same, and because such actions were especially egregious, punitive damages are warranted.

## COUNT I

### Title VII – Harassment Based on Race

54. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

55. For the reasons set forth above, the Defendants are liable to Plaintiff for race harassment in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Title VII – Harassment Based on Sex

56. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

57. For the reasons set forth above, the Defendants are liable to Plaintiff for sexual harassment in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### PHRA – Racial Harassment

58. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

59. For the reasons set forth above, the Defendants are liable to Plaintiff for racial harassment in violation of the PHRA

WHEREFORE, Plaintiff demands judgment against the Defendants together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT IV

### PHRA – Sexual Harassment

60. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

61. For the reasons set forth above, the Defendants are liable to Plaintiff for sexual harassment in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT V

### Title VII – Retaliation

62. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

63. For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT VI

### PHRA – Retaliation

64. Plaintiff hereby repeats and re-alleges the preceding paragraphs, as though fully set forth herein.

65. For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants together with compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

**COSTELLO & SILVERMAN, LLC**

By: ___/s/ Daniel T. Silverman___
     **Daniel T. Silverman**
     PA ID No. 208348
     18000 Horizon Way, Suite 800
     Mt. Laurel, New Jersey 08054
     856-727-9700
     dsilverman@costellosilverman.com
     Attorney for Plaintiff

Dated: December 4, 2025

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**

By: */s/ Daniel T. Silverman*
    **Daniel T. Silverman**